Mark D. Kremer (SB# 100978)
  *m.kremer@conklelaw.com*
Mark C. Riedel (SB# 129205)
  *m.riedel@conklelaw.com*
Zachary T. Page (SB# 293885)
  *z.page@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Plaintiff Moroccanoil, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation<br><br>        Plaintiff,<br><br>    v.<br><br>El Sales Corp., a Florida corporation, doing business as RoyaleUSA and DOES 1 through 10, inclusive<br><br>        Defendants. | CASE No.<br><br>COMPLAINT FOR:<br><br>1.  FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]<br><br>2.  FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION [15 U.S.C. § 1125(a)]<br><br>3.  COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION<br><br>4.  STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING [B&P CODE §§ 17200 & 17500]<br><br>DEMAND FOR JURY TRIAL |

2522.277\9999

COMPLAINT

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under and this Court has original jurisdiction pursuant to 15 U.S.C. § 1121 (trademarks), 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1332 (diversity), 28 U.S.C. § 1338(a) (trademarks), 28 U.S.C. § 1338(b) (unfair competition), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

2.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims occurred in this judicial district, and because Defendant is subject to the Court's personal jurisdiction with respect to this action. 28 U.S.C. § 1391(c)(2).

## THE PLAINTIFF

3.      Moroccanoil, Inc. is a California corporation in good standing with the California Secretary of State ("Plaintiff" or "Moroccanoil").  Its principal place of business is located in Los Angeles County.  The term "Moroccanoil" as used herein shall include Moroccanoil, Inc., and its predecessors.

## DEFENDANTS

4.      On information and belief, Defendant El Sales Corp. doing business as RoyaleUSA ("RoyaleUSA") is a Florida corporation with a principal place of business located at 4410 W Crest Ave Ste B, Tampa, FL 33614-6428.  RoyaleUSA markets and sells its products throughout the United States, including in Los Angeles County, California.

5.      On information and belief, there are other individuals who make, obtain, distribute, supply and sell products in violation of law, and violate Moroccanoil's rights

as alleged herein, but Moroccanoil is ignorant of their true identity or complete role in the alleged conduct and therefore sues them by the fictitious names DOES 1 to 10. Moroccanoil is informed and believes that each of the defendants designated as a Doe is liable in some manner for the acts and omissions, damages and injuries of which Moroccanoil alleges in this Complaint. Moroccanoil will seek to amend this Complaint to state the true identities of Does 1 through 10 when ascertained. RoyaleUSA and the Doe Defendants are referred to collectively as "Defendants."

6.     On information and belief each of the Defendants were at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants, and that in committing the acts and omissions alleged herein and causing the damage and injuries alleged, were acting within the scope of such agency, employment or conspiracy. The Defendants have committed acts in furtherance of the conspiracy, have given aid and encouragement to their co-conspirators and have ratified and adopted the acts of their co-conspirators.

7.     On information and belief there exists, and at all times mentioned there existed, a unity of interests and ownership between individual Defendants and business entity defendants such that any individuality and separateness between the individual and businesses never existed or has ceased to exist, and each Defendant is in each instance the alter ego of the other Defendants who control all such entities. To adhere to the fiction of the Defendant entities as having existence as separate and distinct from the individual Defendants or from those with them and who owned and controlled them would permit an abuse of the corporate and other entity privileges, would sanction fraud, and would promote injustice.

1

**INTRODUCTION**

2      8.    In January 2007, Moroccanoil introduced a unique hair care product
3  featuring argan oil to revitalize and replenish the hair.  The Moroccanoil Oil Treatment,
4  now known as simply the "Moroccanoil Treatment" was a tremendous success and
5  garnered recognition and praise from celebrities, runway stylists, and consumers in the
6  United States and throughout the world.  Moroccanoil expanded its product line to
7  include a range of hair care and body care products, each packaged and advertised
8  using the distinctive trademarks and trade dress consumers uniquely associate with
9  Moroccanoil.  Sold in the United States and internationally, Moroccanoil and its high-
10  quality product line (the "Moroccanoil Products") are held in high esteem by
11  professional stylists and consumers alike.

12

13      9.    Seeking to capitalize on Moroccanoil's success, RoyaleUSA has
14  introduced a line of hair treatment products purportedly containing argan oil (the
15  "Accused Products") under the name "Moroccan Argan Oil," which it sells in
16  packaging that is intentionally and deceptively similar to Moroccanoil's.  The Accused
17  Products infringe Moroccanoil's trademarks and trade dress, and confuses consumers.

18

19

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20

21

**THE MOROCCANOIL PRODUCTS**

22      10.    Moroccanoil distributes in the United States hair and body care products
23  utilizing Moroccanoil's distinctive trademarks and trade dress.  True and correct color
24  photographs of Moroccanoil's flagship Moroccanoil Treatment product and examples
25  of additional Moroccanoil Products are shown below.

26

27

28

-3-
COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Moroccanoil Treatment**



**Additional Moroccanoil Products**

    

11.     Moroccanoil Products are intended for sale through professional salons and beauty schools, but are diverted and sold at unauthorized retail locations such as mass merchandisers and drug stores.

## MOROCCANOIL'S TRADEMARKS AND TRADE DRESS

12.     Moroccanoil Products bear one or more trademarks ("Moroccanoil Trademarks") which are federally registered in Class 3 on the principal register of the United States Patent and Trademark Office ("USPTO"), including:

(a)     the word "Moroccanoil" -  USPTO Registration No. 3,478,807;

(b)     "M Moroccanoil Design" - with the word Moroccanoil in white vertical lettering next to the letter M in copper orange on a turquoise blue background, USPTO Registration No. 3,684,910; and

(c)     "M Moroccanoil Design" - with the word Moroccanoil in white horizontal lettering through the letter M in copper orange on a turquoise blue background, USPTO Registration No. 3,684,909.

13.     Since January 2007, Moroccanoil has continuously used one or more of the Moroccanoil Trademarks in commerce in the United States.  As a result of its success, Moroccanoil has built goodwill and value in the Moroccanoil Trademarks such that consumers associate them exclusively with Moroccanoil.

14.     The packaging in which Moroccanoil sells its products (the "Moroccanoil Trade Dress") has acquired secondary meaning and has become exclusively associated with Moroccanoil in the minds of consumers.  The Moroccanoil Trade Dress is the overall appearance of the Moroccanoil Products' packaging and advertising, including

but not limited to each of the following elements individually and in combination with one another: a distinctive turquoise blue color; copper orange lettering, graphics and background design elements; copper orange and white lettering, graphics and background design elements on a turquoise blue background; and an amber bottle packaged in a rectangular turquoise blue box. The Moroccanoil Trade Dress is non-functional and has been in use in commerce since at least January 2007.

## DEFENDANTS' INFRINGING PRODUCTS

15.   The Accused Products prominently place the confusingly similar term "Moroccan Argan Oil" on the front of all products and packaging. The following is a true and correct image from Defendant's website:



16.   The packaging of the Accused Products infringes the Moroccanoil Trademarks and brazenly misappropriates the Moroccanoil Trade Dress. Each of the Accused Products has a virtually identical turquoise blue background and a strikingly similar three-color scheme to Moroccanoil's, and the package shape of most of the Accused Products matches at least one Moroccanoil Product package shape. Defendants' "Argan Oil Serum" product copies the Moroccanoil Trade Dress elements of an amber bottle packaged in a turquoise blue box and has similar dimensions as the Moroccanoil Treatment box.

**FIRST CLAIM FOR RELIEF**

**FOR TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

**(AGAINST ALL DEFENDANTS)**

17.    Moroccanoil incorporates and realleges paragraphs 1 through 16 of this Complaint.

18.    Moroccanoil owns the federally registered Moroccanoil Trademarks, including Registration No. 3,478,807 for MOROCCANOIL.   Defendants have infringed this trademark by using "Moroccan Argan Oil" for advertising, distribution and sale of the Accused Products without Moroccanoil's authorization.

19.    Defendants' use of "Moroccan Argan Oil" and their sale and advertising of the Accused Products have a substantial effect on interstate commerce, have caused consumer confusion, and are likely to continue to cause consumer confusion and to deceive the public into believing that the Accused Products originate from and are authorized by Moroccanoil.

20.    On information and belief, Defendants have committed these acts of infringement with the intent to cause confusion and mistake and to deceive the public into believing that Moroccanoil makes, sponsors or endorses the Accused Products.

21.    As a direct and proximate result of Defendants' unlawful acts alleged herein, including infringement of the Moroccanoil Trademarks, Moroccanoil has suffered and will continue to suffer injury to its business, goodwill and property.

22.    As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

23.     Moroccanoil demands and is entitled to an accounting from each Defendant, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

24.     Moroccanoil has no adequate remedy at law.   Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademarks and Moroccanoil Trade Dress, Moroccanoil will continue to suffer irreparable harm.

25.     On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Moroccanoil, the Moroccanoil Trademarks, the Moroccanoil Trade Dress and the Moroccanoil Products, and to cause injury to Moroccanoil.   As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

## SECOND CLAIM FOR RELIEF
## FOR FEDERAL TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125
## (AGAINST ALL DEFENDANTS)

26.     Moroccanoil incorporates and realleges paragraphs 1 through 16 of this Complaint.

27.     The Moroccanoil Trademarks and Trade Dress have acquired secondary meaning and are uniquely associated with Moroccanoil in the minds of consumers.

28.     Defendants' use of the Moroccanoil Trademarks with a virtually identical turquoise blue and other similar trade dress elements for the packaging of the Accused Products infringes the Moroccanoil Trade Dress by confusing and deceiving consumers as to the source or sponsorship of the Accused Products.   Defendants' conduct constitutes infringement of Moroccanoil's unregistered trademarks and unfair competition in violation of 15 U.S.C. § 1125(a).

29.     Defendants' acts have caused and will continue to cause Moroccanoil to suffer injury to its business, goodwill and property.

30.     As a proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

31.     Moroccanoil demands and is entitled to an accounting from each Defendant, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

32.     Moroccanoil has no adequate remedy at law.   Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil

1  Trademarks and Moroccanoil Trade Dress, Moroccanoil will continue to suffer
2  irreparable harm.

3

4      33.    On information and belief, Defendants, in engaging in the conduct
5  described herein, knowingly, intentionally and willfully intended to trade on the
6  reputation and goodwill of Moroccanoil, the Moroccanoil Trademarks, the Moroccanoil
7  Trade Dress and the Moroccanoil Products, and to cause injury to Moroccanoil.  As
8  such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and
9  damages should be trebled and attorneys' fees awarded.

10

11                     **THIRD CLAIM FOR RELIEF**
12          **COMMON LAW TRADEMARK INFRINGEMENT AND**
13                     **UNFAIR COMPETITION**
14                   **(AGAINST ALL DEFENDANTS)**

15     34.    Moroccanoil incorporates and realleges paragraphs 1 through 16 of this
16  Complaint.

17

18     35.    Defendants' actions constitute infringement of Moroccanoil's common
19  law rights in the Moroccanoil Trademarks and the Moroccanoil Trade Dress, and will
20  confuse and deceive the public concerning the source, affiliation or sponsorship of the
21  Accused Products.

22

23     36.    In performing the acts and unfair business practices alleged, Defendants
24  are engaging in unlawful and unfair competition in violation of Moroccanoil's rights.

25

26     37.    On information and belief, Defendants' acts and omissions as alleged
27  herein were committed knowingly, intentionally and willfully with the intent to trade on

28

1  Moroccanoil's goodwill in the Moroccanoil Products, the Moroccanoil Trademarks and
2  the Moroccanoil Trade Dress.

3

4    38.    Moroccanoil demands and is entitled to an accounting from each
5  Defendant, including all information necessary to permit Moroccanoil to determine the
6  gains, profits and advantages that Defendants have obtained by reason of their wrongful
7  conduct described herein.

8

9    39.    Moroccanoil has no adequate remedy at law.  Defendants' acts and
10  omissions as alleged herein will engender the need for a multiplicity of judicial
11  proceedings and will cause damages to Moroccanoil that are difficult, if not impossible,
12  to measure.  Unless Defendants are preliminarily and permanently enjoined from
13  committing the unlawful acts alleged including infringement of the Moroccanoil
14  Trademarks and Moroccanoil Trade Dress, Moroccanoil will continue to suffer
15  irreparable harm.

16

17    40.    On information and belief, Defendants, in engaging in the conduct
18  described herein, knowingly, intentionally and willfully intended to trade on the
19  reputation and goodwill of Moroccanoil, the Moroccanoil Trademarks, the Moroccanoil
20  Trade Dress and the Moroccanoil Products, and to cause injury to Moroccanoil.
21  Moroccanoil should be awarded punitive damages.

22

23

24

25

26

27

28

**FOURTH CLAIM FOR RELIEF**

**FOR STATUTORY UNFAIR COMPETITION**

**AND FALSE ADVERTISING**

**UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500**

**(AGAINST ALL DEFENDANTS)**

41.     Moroccanoil incorporates and realleges paragraphs 1 through 16 of this Complaint.

42.     Defendants' actions constitute infringement of Moroccanoil's common law rights in the Moroccanoil Trademarks and Moroccanoil Trade Dress.

43.     Defendants' unfair business practices, acts of infringement and misleading advertising practices as herein alleged are in violation of California Business and Professions Code, Section 17200, *et seq.*, and California Business and Professions Code, Section 17500, *et seq.*

44.     In performing the acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of Moroccanoil's rights. Defendants have obtained revenue and profit by their acts of unfair competition and they should be ordered to disgorge all such revenue and profit.  Defendants will continue such unfair and fraudulent business practices unless and until they are restrained.

45.     Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil

1  Trademarks and Moroccanoil Trade Dress, Moroccanoil will continue to suffer
2  irreparable harm.

3

4                                    **PRAYER**

5

6      **WHEREFORE**, Moroccanoil prays for judgment as follows:

7

8      1.      For preliminary and permanent injunctive relief against all Defendants,
9  and each of them, and their officers, agents, attorneys, representatives and assigns, and
10 all persons acting in active concert or participation with them, from doing any of the
11 following acts, either directly or indirectly, and from doing any act prefatory to the
12 prohibited acts:

13

14      (a)      Infringing any trademark, trade dress or other intellectual property
15 right owned or controlled by Moroccanoil;

16

17      (b)      Causing a likelihood of confusion, deception, or mistake as to the
18 source, nature, or quality of Moroccanoil's goods or causing confusion, deception or
19 mistake as to the source, nature or quality of Defendants' goods;

20

21      (c)      Using any false designation of origin or false representation
22 concerning any of Defendants' goods; and

23

24      (d)      Violating any statute, decision, rule or regulation of any
25 governmental entity in the course of the offering, disposition or sales of any of the
26 Accused Products;

27

28

2522.277\9999

2.    For an order directing Defendants, and each of them, to file with this Court and serve on Moroccanoil within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.    For an order requiring Defendants, and each of them, to deliver to Moroccanoil all products, literature, advertising, and other material bearing any infringing trademarks or a use of any trademark constituting federal, California state or common law unfair competition;

4.    For an order requiring Defendants to account for all sales and transfers of any of the Accused Products, including an order that they submit to Moroccanoil immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distribution of the Accused Products;

5.    For an accounting from each Defendant of all profits, monies and advantages that Defendants have obtained by reason of their wrongful conduct;

6.    For damages in an amount according to proof at trial and trebled as permitted by law;

7.    For an order requiring that all gains, profits, or advantages derived by Defendants by their wrongful conduct be disgorged to Moroccanoil to the fullest extent allowed by law;

8.    For punitive and exemplary damages in an amount sufficient to punish defendants and defer such conduct in the action;

1    9.  For attorneys' fees;

2

3    10.  For prejudgment interest and  costs; and

4

5    11.  For such other and further relief as the Court deems just and proper.

6

7  Dated:  July 25, 2014        Mark D. Kremer,
                  Mark C. Riedel

8                  Zachary T. Page, members of

9                  CONKLE, KREMER & ENGEL
                  Professional Law Corporation

10

11

12             By: _____

13               Mark C. Riedel

14               Attorneys for Plaintiff Moroccanoil, Inc.

15

16        **DEMAND FOR JURY TRIAL**

17  Plaintiff Moroccanoil, Inc. demands trial by jury of all issues triable to a jury.

18

19  Dated:  July 25, 2014        Mark D. Kremer,

20                  Mark C. Riedel

21                  Zachary T. Page, members of
                  CONKLE, KREMER & ENGEL

22                  Professional Law Corporation

23

24

25             By: _____

26               Mark C. Riedel
               Attorneys for Plaintiff Moroccanoil, Inc.

27

28

2522.277\9999

-15-

COMPLAINT